**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RODNEY PETE,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:13cv330-RH/CAS**

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, who is pro se, submitted a motion for leave to proceed in forma pauperis, doc. 4, and a motion to change venue, doc. 5. Previously, Plaintiff had submitted documents to this Court indicating a desire to either have a case transferred to this Court or initiated a new case. Doc. 1. It was unclear from those documents, however, whether Plaintiff was seeking to initiate a new case or not. Plaintiff wrote "new case" on the first page of his case initiating document, but Plaintiff also titled the document as a "motion for transfer of venue," citing to the removal statute, 28 U.S.C. § 1441. *Id.* An Order was entered explaining that if Plaintiff intended this to be a new case, Plaintiff must submit a complaint. Doc. 3. If, however, Plaintiff is attempting to

transfer a case already proceeding in another federal court, such a motion must be filed in the court where the case is currently pending. *Id.* Alternatively, if Plaintiff sought to remove a case from state court to this Court, Plaintiff must identify that case by case number and court, and Plaintiff must provide a certificate of service indicating the motion was served on all parties in the case. *Id.* Furthermore, Plaintiff was advised that he could not remove a case to federal court or initiate a new case in this Court without either paying the $400.00 filing fee or submitting a motion seeking leave to proceed in forma pauperis. *Id.*

Plaintiff's case initiating document was titled as a "motion for transfer of venue," doc. 1, and identified a pending case as "Pending Case - No.: 2009 - 00408." In the most recent motion, titled as "motion to correct error of motion to change venue," doc. 5, states that Plaintiff's case is "pending in the Circuit Court of the Second Judicial Circuit for Leon County, Florida" and he more clearly identifies the case as "Case No. 2009 CA 004408."

Judicial notice is taken that Plaintiff initiated a case against the Department of Corrections and it was transferred to Leon County from Charlotte County on November 9, 2009. It appears that Plaintiff was represented by counsel at the time, but on February 21, 2013, a motion to withdraw was granted and Plaintiff proceedings pro se in that case which is currently pending. It is now clear that the case Plaintiff is attempting to remove to federal court is a case Plaintiff initiated in state court.

Because Plaintiff was not a defendant in the state court case, removal is improper. The statute governing removal, 28 U.S.C. § 1441, provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (emphasis added). By clear and unambiguous language, a *defendant* is permitted to remove an action to federal court. "No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court." In re Walker, 375 F.2d 678, 687 (9th Cir. 1967). Such a rule is well established. *See, e.g.,* Chicago, Rock Island & Pacific Railroad v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 295, 98 L.Ed. 317 (1954)*;* Coastal Air Service, Inc. v. Tarco Aviation Service, Inc., 301 F.Supp. 586, 588 (S.D. Ga. 1969); Union Const. Co. v. Dillingham Corp., 334 F.Supp. 502, 503 (S.D. Tex. 1971); Geiger v. Arctco Enterprises, Inc., 910 F.Supp. 130, 131 (S.D. N.Y. 1996). Plaintiff had the choice initially of whether to file his case in federal or state court. Having decided to proceed in state court, Plaintiff cannot now switch to the federal forum.

Because this case is not removable under § 1441(a), Plaintiff must continue this case in state court if he intends to proceed with this litigation. Moreover, because this case is not removable, Plaintiff's motion for leave to proceed in forma pauperis should be denied, and Plaintiff's motion concerning venue must be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, should be **DENIED**, all other pending motions be **DENIED**, and this case should be **DISMISSED** as Plaintiff's pending case must

continue in the Second Judicial Circuit of the State of Florida, in and for Leon County,

Florida, if Plaintiff desires to continue this case at all.

**IN CHAMBERS** at Tallahassee, Florida, on July 1, 2013.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**